# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**     **PLAINTIFF**
**#106563**

v.     No: 4:21-cv-01170-KGB-PSH

**GEORGE BELT,** *et al.*     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Michael Robertson, an inmate at the Pulaski County Detention Facility ("PCDF"), filed a *pro se* civil rights complaint on November 29, 2021 (Doc. No. 2). On December 15, 2021, the Court granted Robertson's application to proceed *in forma pauperis* and directed him to file an amended complaint to clarify

his claims (Doc. No. 8). Robertson filed an amended complaint on December 23, 2021 (Doc. No. 11-1), claiming that Deputy George Belt, Sheriff Eric Higgins, Classification Member Michelle Conners, and Classification Member Tamara Williams (the "Defendants") kept him in full restraints in retaliation for suing Deputy Belt, Sergeant Murphy, and Lieutenant Nelson. Doc. No. 11-1 at 4-5. He further alleges he was not taken off full restraints until December 1, 2021, after he was "jumped on" by Sergeant Cobb and Deputy Freeman on November 24, 2021.[1] *Id.* at 6. The Court directed service on the Defendants with respect to Robertson's claims for unlawful restraint and related retaliation (Doc. No. 19).[2]

The Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Robertson had not exhausted his claims against them before he filed this lawsuit. Doc. Nos. 35-37. Robertson filed a response and brief in support (Doc. Nos. 40-41); Defendants filed a reply (Doc. No. 42) and Robertson filed another reply (Doc. No. 43). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that he is entitled to judgment as a matter of law.

---

[1] Robertson's claim that Cobb and Freeman assaulted him in November 2021 is the subject of another lawsuit, *Robertson v. Cobb et al.,* Case No. 4:21-cv-01171-KGB-JTR.

[2] The Court did not construe Robertson's complaint as setting forth any other claims. *See* Doc. No. 19. The Court informed Robertson that he must file a separate lawsuit to raise any new unrelated claims. *Id.*; *see also* Fed. R. Civ. P. 20.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

The Defendants argue that they are entitled to summary judgment because Robertson failed to exhaust his administrative remedies with respect to his complaint allegations before he filed this lawsuit. *See* Doc. No. 36. In support of his motion for summary judgment, the Defendants submitted an affidavit by Deputy Kristin McCann, custodian of records for the PCDF (Doc. No. 37-1); Robertson's Arrest and Booking Sheets (Doc. No. 37-2); grievances and requests filed by Robertson

during his incarceration at PCDF (Doc. No. 37-3); and a copy of the PCDF's grievance policy (Doc. No. 37-4).

The PCDF has a grievance procedure in place to permit inmates to file grievances/appeals and to assure them of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice. Doc. No. 37-4 at 1. Any inmate may invoke the grievance procedures regardless of his security or job classification, disciplinary status, or administrative or legislative decisions affecting the inmate. *Id.* at 3. An inmate may invoke the grievance procedure by submitting a written complaint regarding one of the following:

> a.  Actions taken by staff or other inmates that have the effect of depriving the inmate of a right, service, or privilege.
>
> b.  Allegations of abuse, neglect, or mistreatment by staff or other inmates.
>
> c.  Any other matter the inmate believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

*Id.* at 1-2. Grievances must be filed within 15 days after the grievance occurrence with the Grievance Officer or designee. *Id.* at 4. If, after being responded to by the Grievance Officer or designee, the inmate is not satisfied, he or she may appeal within ten working days. *Id.* at 7. The entire grievance process must be completed within 30 working days unless a valid extension has been agreed upon or unforeseen circumstances have occurred. *Id.* at 8.

Robertson was jailed at the PCDF from September 6, 2020, to January 21, 2021, and again from September 5, 2021, until now.  Doc. No. 37-2 (booking sheets).  He filed this lawsuit on November 29, 2021.  Doc. No. 2.  In her affidavit, Deputy McCann stated that during his first incarceration at the PCDF, Robertson submitted approximately 152 requests and grievances.  Doc. No. 37-1 at 1; Doc. No. 37-2 at 9-28, 47-49, 53-58, 60-70, 87-94, 100-101, 105-142, 164-168, 173-178, 183, 186-188, 190, 192, 194, 196, 198.  McCann stated that between his incarceration on September 5, 2021, and December 29, 2021, Robertson submitted approximately 136 requests and grievances.  Doc. No. 37-1 at 1; Doc. No. 37-2 at 1-8, 28-46, 49-52, 59, 70-86, 94-99, 101-104, 143-163, 169-172, 178-184.  Robertson's grievances pertained to a wide variety of topics, including commissary, hygiene materials, unnecessary force, allegations that certain officers "jumped on" him, wanting to speak with Sheriff Higgins, protective housing, medical and mental health care, haircut requests, religious services and materials, Alcoholics Anonymous and Recovery materials or classes, FOIA requests, contact information, investigative tips, a notary, the law library and legal materials, his PIN number, fines, and copies of grievances, requests, and write-ups.  *Id.*  However, none of Robertson's requests or grievances describe his complaint allegation that he had been placed in full restraints by Defendants in retaliation for filing lawsuits against them or other officers.  In fact, Robertson makes no complaints about "restraints" at all.

In response to the Defendants' motion for summary judgment, Robertson alleges he filed over 200 grievances on the electronic grievance kiosk and 66 paper grievances. Doc. No. 40 at 2. He further claims that the PCDF lost some of his paper grievances. *Id.* He attaches one paper grievance he filed on October 7, 2020, complaining that Nelson, Belt, and Murphy jumped on him; he claims there is a receipt for this grievance at his mother's house. Doc. No. 41 at 4; Doc. No. 37-3 at 187. However, this grievance does not mention him being kept in full restraints in retaliation for filing lawsuits. Robertson also points to a number of electronic kiosk grievances where he requested copies of his paper grievances. *Id.* at 5-11.

Robertson was familiar with the PCDF's grievance procedure – he filed over 250 requests and grievances on both the electronic kiosk and by paper. None of those grievances and requests describe his complaint allegation that he was kept in full restraints by Defendants in retaliation for filing lawsuits. Robertson has not shown that he submitted a grievance complaining about restraints or retaliation; his bald assertion that he filed a paper grievance that was lost by the PCDF is not sufficient to create a material issue of fact. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue

as to a material fact.").³ Accordingly, the Court finds that Robertson did not exhaust available administrative remedies before he filed this lawsuit, and the Defendants are entitled to summary judgment. Robertson's claims should be dismissed without prejudice.

### IV.  Conclusion

Robertson did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the Defendants' motion for summary judgment (Doc. No. 35) should be granted, and Robertson's claims should be dismissed without prejudice.

DATED this 11th day October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

³ The Court agrees with the following statement by Judge Susan O. Hickey of the Western District of Arkansas who dealt with a similar claim:

> The Court is troubled by the notion of excusing Plaintiff's failure to exhaust his remedies in this situation due to his appeal receiving no response without any evidence, other than his own word, that he actually submitted an appeal. To do so would effectively allow ADC prisoners to claim that they had submitted an appeal for remedy exhaustion—without actually having done so—and claim that they received no response, thereby easily sidestepping the PLRA's well-established requirement that prisoners must first fully exhaust their administrative remedies prior to filing a section 1983 action.

*Lewis v. Kiker*, No. 6:14-CV-6147, 2017 WL 2123871, at *6 (W.D. Ark. May 16, 2017).